Renee MORRIS

v.

**Ossie BROWN, District Attorney, 19th Judicial District Court, Parish of East Baton Rouge and J. Al Amiss, Sheriff, Parish of East Baton Rouge.**

Civ. A. No. 81–752–B.

United States District Court,
M. D. Louisiana.

Sept. 10, 1981.

Frank J. Saia, Baton Rouge, La., for plaintiff.

---

Ossie Brown, Dist. Atty., East Baton Rouge Parish, Baton Rouge, La., for defendants.

POLOZOLA, District Judge:

The petitioner, Renee Morris, has filed this suit pursuant to 42 U.S.C. § 1983 against Ossie Brown, the District Attorney for the Parish of East Baton Rouge, and J. Al Amiss, the Sheriff of East Baton Rouge Parish. Petitioner contends that the Court has jurisdiction herein under 28 U.S.C. § 1343(3).

Petitioner was indicted for first degree murder. Thereafter, the indictment was amended to charge petitioner with second degree murder. Petitioner was convicted of second degree murder and sentenced to life imprisonment. The Louisiana Supreme Court affirmed the conviction and sentence. On rehearing, the Louisiana Supreme Court reversed the conviction and remanded the case for retrial. On rehearing, the Louisiana Supreme Court, for reasons stated, held that the double jeopardy clause did not prohibit retrial. Thereafter, a second application for rehearing was filed by the appellant. This second application for rehearing and the state's application for rehearing were denied by the Louisiana Supreme Court. After this case was remanded to the state court, the state amended the indictment to charge petitioner with first degree murder. Petitioner then filed a motion to quash the indictment, which was denied by the trial judge "for the reasons assigned by the Supreme Court." According to the complaint, petitioner has not appealed this latest ruling by the trial judge to the Louisiana Supreme Court. The trial of this case has now been set for September 14, 1981.

Petitioner has now filed this suit seeking both a temporary restraining order, which was previously denied by the Court, and a preliminary and permanent injunction. Petitioner contends that if the state was allowed to retry her on the murder charge, her constitutional right not to be placed twice in jeopardy for the same offense and her right to due process of law would be violated. Thus, petitioner seeks to have this Court enjoin the criminal proceedings.

The complaint filed by the petitioner in this case fails to set forth any allegations of bad faith on the part of the prosecution. Petitioner's sole contention is that she will suffer "irreparable injury" if she is required to stand trial a second time. Such an allegation is insufficient reason for this Court to inject itself into the criminal action brought by the State of Louisiana. It is clear that petitioner does have an adequate remedy at law in the state court. If she is convicted of the crime with which she is charged, she has the right to take a direct appeal to the Louisiana Supreme Court. Petitioner also would have the right, if necessary, to appeal to the United States Supreme Court or to file a writ of habeas corpus in the appropriate federal court. Except in exceptional circumstances which are not present in this case, state courts should be permitted to try state criminal cases free from interference by federal courts. This is particularly so when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. The courts which have considered the propriety of a federal court enjoining a state prosecution have made it clear that in view of the "fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate.'" *Younger v. Harris*, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971). In the *Younger* case, the Supreme Court further noted that certain "types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." 91 S.Ct. at 751.

A review of the allegations set forth in the complaint filed in this case fails to show that petitioner has been threatened with

any injury other than that incidental to every criminal proceeding brought lawfully and in good faith. It is also important to note that at the time petitioner filed her suit with the federal court, a criminal proceeding was already pending in the state court which afforded her an opportunity to raise her constitutional claims. There is simply no allegation or suggestion in the complaint that this single prosecution brought against the petitioner is brought in bad faith or is only one of a series of repeated prosecutions to which she will be subjected. In other words, the injury that petitioner faces is solely that incidental to every criminal proceeding brought lawfully and in good faith. Therefore, petitioner is not entitled to equitable relief and her request for a preliminary and permanent injunction must be denied.

Furthermore, petitioner's unsupported allegations that the state's action would cause a "chilling of plaintiff's civil rights" has never been considered a sufficient basis, in and of itself, for prohibiting state action.

Finally, the Court must state for the record that this federal court will not be used as a substitute appellate court to consider interim appeals made by defendants in pending criminal cases in the state court system, particularly where these defendants have an adequate remedy at law in the state system. Thus, since petitioner has not alleged that the prosecution was brought against her in bad faith to harass her, and since her constitutional claims may be adequately adjudicated in the state criminal proceeding, federal intervention in this case would be totally and constitutionally improper.

Therefore, petitioner's request for a preliminary and permanent injunction to enjoin the criminal proceedings brought against her by the State of Louisiana shall be DENIED.

Treating petitioner's suit in the alternative as an application for writ of habeas corpus, the Court finds that petitioner has failed to exhaust the adequate state remedies available to her. Therefore, petitioner's application for writ of habeas corpus must also be DENIED.

Judgment shall be entered accordingly.